## William H. Peterson *v.* Alexander J. Russell, Appellant.

*Waiver of exemption—Judgments—Election as affecting judgment without waiver.*

Where in the case of two judgments there is a waiver as to the prior lien of the exemption laws such waiver must inure to the benefit of the subsequent lien, so far as to compel the waiver creditor to resort first to the exempt fund; and the waiver being upon a judgment for less than $300, the defendant is only entitled to the balance of his exemption after deducting that judgment.

Argued Oct. 3, 1898. Appeal, No. 202, Oct. T., 1897, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1896, No. 1117, making absolute rule to show cause why claim for $300 exemption should not be set aside as to a portion thereof. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Rule to set aside exemption. Before Biddle, P. J.

It appears from the record that John F. Betz obtained judgment against the defendant in this case for $182.41 on a judgment note with waiver of exemption, on March 5, 1897. On April 12, 1897, an attachment sur judgment was issued on the Betz judgment, wherein John S. Kane was made garnishee. On June 2, 1897, the judgment of Betz against Kane, garnishee, as well as that against Russell, defendant, was satisfied of record. On September 9, 1896, the plaintiff recovered judgment against Russell for $285.67. There was no waiver of the exemption law in this judgment. On May 27, 1897, Peterson issued an attachment sur judgment against John S. Kane as garnishee, the attachment being served on Kane, May 27, 1897. On June 4, 1897, Russell notified Kane in writing that he claimed the benefit of the $300 exemption law as to the moneys in his hands and attached by Peterson. On June 14, and October 20, 1897, Peterson served his interrogatories in the attachment proceedings on Kane, the garnishee. On July 14 and November 9, 1897, Kane filed his answers to the interrogatories, admitting that he had $392.87 in his hands belonging to defendant, but averring that defendant claimed the benefit of the $300

exemption law as to the money so attached.   On November 20,
1897, the court upon the petition of plaintiff, granted a rule on
the defendant to show cause why his claim for the $300 exemp-
tion should not be set aside as to $182.41 of it.   On Decem-
ber 1, 1897, the court made the rule absolute.   Defendant
appealed.

*Error assigned* was making absolute the rule to show cause
why defendant's claim for the $300 exemption should not be
set aside as to $182.41 of it.

*Joseph S. Goodbread*, for appellant.—A waiver will not inure
to the benefit of subsequent liens, beyond its own amount:
Garrett's Appeal, 32 Pa. 160; Shelly's Appeal, 36 Pa. 373;
Bowman v. Smiley, 31 Pa. 225; Bowman v. Tagg, 6 W. N. C.
220; Farrell v. Freely, 13 Lanc. Bar Rep. 88; Smith v. Acker-
man, 38 L. I. 394.

*Hood Gilpin*, with him *Ray W. Jones*, for appellee.—The
waiver of exemption by the appellant defendant in the judg-
ment and attachment of John F. Betz, Limited, inures to the
benefit of appellee's judgment and attachment against the same
defendant, as both judgments and attachments were liens upon
the $575.28 of the appellant in the hands of John S. Kane,
garnishee, on May 27, 1897 : Hallman v. Hallman, 124 Pa. 347;
Shelly's Appeal, 36 Pa. 373.

The cases cited by the appellant in his paper-book are not in
point, so far as this case is concerned, with the exception of
Shelly's Appeal, supra, which confirms appellee's position.

OPINION BY W. D. PORTER, J., January 18, 1899 :
Judgment was entered on September 9, 1896, in favor of
plaintiff and against defendant for $285.67, without waiver by
defendant of the benefit of exemption.   On March 5, 1897, a
judgment was entered against the defendant in favor of John
F. Betz upon a judgment note which expressly waived the
benefit of all exemption laws.   An execution attachment was
issued upon the last named judgment and John S. Kane, sum-
moned as garnishee and in that proceeding judgment was duly
entered, on May 21, 1897, against the garnishee and in favor of

Betz. On May 27, 1897, the plaintiff issued an execution attachment upon his judgment summoning Kane as garnishee, which writ was duly served the same day. Kane, the garnishee, was at that time indebted to the defendant in the sum of $575.28, but, with the acquiescence of the defendant, he, on June 2, 1897, paid to Betz the sum of $182.41, being the amount of the judgment held by the latter against Russell with costs, thus reducing the fund in Kane's hands to $392.87. The original judgment of Betz against Russell, and also the judgment of Betz against the garnishee were satisfied of record upon receipt by Betz of the payment above recited. Russell, the defendant, then asserted a right as against the judgment of Peterson, under the act of assembly approved April 9, 1849, to have set apart to him $300 of the fund in the hands of Kane and, on June 4, 1897, duly gave notice of his claim.

Plaintiff having served interrogatories the garnishee filed answers setting forth the above recited material facts. The court, on motion of plaintiff, granted a rule on defendant to show cause why " the defendant's claim for the $300 exemption should not be set aside as to $182.41 of it." This rule was subsequently made absolute, which action of the court is assigned for error. The only question presented by the record is the extent to which Russell could assert his right to exemption, out of the fund in the hands of Kane, as against the attachment of Peterson. By virtue of the provisions of the Act of June 16, 1836, P. L. 767, the attachment of Peterson bound the fund in the hands of Kane from the time of the service of the writ, but it was subject to defendant's claim to the exemption and to the prior attachment of Betz, upon which exemption was waived. The effect of Russell's assertion of his claim to exemption is to divide the amount owing by Kane into two funds, one of which, viz : $300, is as against Peterson exempt ; the other, $275.28, is liable to both attaching creditors. But Betz had a claim upon both funds. The debtor was common to both and this is a fair case for the application of the equitable principle which forces Betz upon the fund which Peterson could not touch · Shelly's Appeal, 36 Pa. 373. Betz's claim must, therefore, be taken out of the $300 to which the defendant would have been entitled in the absence of a waiver of exemption. After deducting the $182.41 necessary to pay Betz, there still remained

$117.59 as to which the defendant's claim of exemption was effective, as against the attachment of Peterson. The remaining $275.28 must be applied to the Peterson attachment.

The learned counsel for appellant has earnestly argued that, as the claim of Betz has been paid, appellant is entitled to have set apart to him, out of the balance remaining in Kane's hands, the entire $300 exemption. If appellant had paid the claim of Betz, or if that claim had been made out of any other property, the result would have been to release the fund in Kane's hands from the Betz attachment; whereupon the appellant would have become entitled to his entire exemption out of the sum owing by Kane, but, as the Betz attachment would have been out of the way, Peterson would still have taken the same surplus, to wit: $275.28. The difficulty with the position of appellant is that he did not pay the claim of Betz, but simply acquiesced in the application of a part of the fund, which two of his creditors had attached, in the same manner in which the law would have applied it if the money had been paid into court.

By undertaking to distribute the fund in this way, after the attachment of Peterson had been served, he could not defeat the rights of the attaching creditor. If the judgment of Betz had been paid by Kane prior to service of Russell's attachment an entirely different question would have been presented: Bowman v. Smiley, 31 Pa. 225. We have in this case a waiver as to a prior lien which must inure to the benefit of the subsequent lien, so far as to compel the waiver creditor to resort first to the exempt fund. The waiver being upon a judgment for less than $300, the defendant is entitled to the balance of his exemption after deducting that judgment: Hallman v. Hallman, 124 Pa. 347.

The judgment is affirmed at costs of appellant.