## Opportunity B. & L. Assn. v. Silverman et ux.

*Henry Saxe*, for plaintiff.
*Delbert T. Kirk*, for defendants.

ALESSANDRONI, J., March 21, 1940.—Plaintiff, an execution creditor, filed a rule to show cause why the notice of a claim of exemption should not be set aside and the claim for exemption disallowed to defendants. An answer was filed thereto and upon argument the rule was discharged. This petition and rule was thereupon taken to show cause why a reconsideration and reargument should not be had to the discharge of plaintiff's rule.

Plaintiff association on April 30, 1932, confessed judgment against defendants by virtue of a warrant of attorney dated August 3, 1923, which was attached to a bond accompanying a mortgage. The bond contained a waiver by the obligors of all benefits of any exemption law. Damages were assessed and subsequently the premises sold by the sheriff to plaintiff association.

At the time of confessing judgment, plaintiff association, in accordance with the existing practice in the County of Philadelphia, detached the bond from the warrant of attorney. On November 16, 1939, before the alias fieri facias personalty was issued on the judgment the bond which was endorsed at the time of entry of the judgment by the prothonotary was filed of record.

The judgment debtor contended that the warrant of attorney upon which judgment was confessed did not

contain any express waiver of exemption, but merely referred to the waiver contained in the bond and that plaintiff was not entitled to now assert any waiver by filing of record defendant's bond.

It was not necessary, however, that the bond which admittedly contained an express waiver of all benefits of any exemption law be filed at the same time that judgment was entered. A debtor by contract may execute a prospective waiver of the right of exemption of property from execution. If the waiver is given at the time the debt is contracted no additional consideration is required: Bowman v. Smiley, 31 Pa. 225. This is the customary practice in bonds of the type now under consideration and in the ordinary lease agreement. The effectiveness of a waiver of this type is wholly independent of its appearance on the record. The absence or presence of such a waiver is not an integral part of the judgment. All matters regarding claims for exemption or waivers thereof are properly relegated to that stage of the proceeding subsequent to the judgment when the creditor attempts to secure its enforcement by execution. The proper person to receive such notices is the sheriff.

It is true that a warrant of attorney must be strictly construed against the party in whose favor it is given: Baldwin et al. v. American Motor Sales Co., 309 Pa. 275; 6 Standard Pennsylvania Practice, p. 680. The object of the warrant of attorney, however, is confined to securing the judgment and, thereafter, it is functus officio. In authorizing an attorney to confess judgment there is no reason to constitute him an agent to waive the rights of exemption. All such rights had already been irrevocably waived by the execution of the bond: Bowman v. Smiley, supra. No further act was necessary except calling the attention of the sheriff thereto at the time of execution in the event that the debtor asserted any claim to exemption: 7 Standard Pennsylvania Practice 743-44.

For the foregoing reasons, therefore, the rule for reargument should be made absolute.

And now, to wit, March 21, 1940, the rule for reargument is made absolute as is also the rule to disallow the claim for exemption.