DUNLAP HARDWARE CO. et al. v. HUDDLESTON et al.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1909.)

No. 1,829.

1. BANKRUPTCY (§ 400*)—BANKRUPT'S HOMESTEAD EXEMPTION—SALE OF PROPERTY AND ALLOWANCE OF EXEMPTION FROM PROCEEDS.

Where a bankrupt under the laws of the state is entitled to a homestead exemption of property to a certain value, creditors, who, with notice, make no objection to a sale of all of the property for the purpose of permitting the bankrupt to take his exemption from the proceeds, cannot afterward object to its allowance, nor can they require the costs of administration in such case to be deducted from the exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 675; Dec. Dig. § 400.*]

2. BANKRUPTCY (§§ 482, 484*)—RECEIVERS—APPOINTMENT AND COMPENSATION.

The allowance of compensation to receivers and attorneys from bankrupt estates is largely committed to the sound discretion of the court under whose direction the services were performed, but it should always be borne in mind that it is the intention of the present law that estates should be so administered as to preserve the assets for the benefit of creditors, and that under Bankr. Act July 1, 1898, c. 541, § 2 (3) (5), 30 Stat. 545, 546 (U. S. Comp. St. 1901, p. 3421), as amended in 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1024]), the appointment of receivers is authorized only when absolutely necessary for the preservation of estates, and their compensation should be measured by that provided for trustees for similar services.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 482, 484.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Georgia, in Bankruptcy.

Geo. S. Jones, for petitioners.

G. Ogden Persons and Robt. T. Persons, for respondents.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

BURNS, District Judge. On December 30, 1907, J. A. Huddleston filed a voluntary petition in bankruptcy, and an order was passed duly adjudging him a bankrupt, and thereupon a receiver was appointed to take charge of the assets of the estate consisting of a small stock of merchandise, notes, and accounts and two small parcels of land, not exceeding in the aggregate 1½ acres. The receiver was thereafter elected by the creditors as trustee and under the orders of the referee administered the estate of the bankrupt. Under the Constitution and laws of the state of Georgia, the bankrupt is entitled to property of the value of $1,600 as a homestead exemption. With the consent of the bankrupt the entire estate was converted into cash after notice to the creditors and without objection upon their part. Said sale realized the sum of $2,513, from which was deducted the item of $1,600 to cover the homestead exemption of the bankrupt. The petition for review complains of this action, and seeks to have the same vacated.

The proceeding below does not appear to be objectionable, and the petitioners seeking to have the same revised cannot justly complain

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the reason that no objection was offered to the sale, which was made for the purpose of converting the estate into money and deducting the homestead valuation of $1,600 therefrom. Equity and good conscience will not permit a creditor to acquiesce in the sale of a bankrupt estate, and then deny to the bankrupt the exempt property, in this case, the proceeds thereof, which the Constitution of the state of Georgia undertakes to protect. If there is an irregularity in the proceedings, incident to the sale and the application of the money value of the homestead exemption, which we do not concede, the creditors should have offered timely objection. Failing to do so, they cannot now be heard to complain.

It is contended in the petition for revision that the costs of the administration should be deducted from the allowance to the bankrupt. This contention cannot be sustained, for the reason that the homestead exemption is not subject to tax or charge of any character and to the extent of the burden which may be imposed in the way of costs in bankruptcy proceedings would be a diminution of the constitutional provision relating to homestead exemptions.

The petitioning creditor complains of the allowance of an attorney's fee amounting to $300, and invites the attention of this court to the additional allowance of $250, to the receiver, though the latter item is not assigned in the specifications of error. It is to be observed in this case that after setting aside $1,600 to the bankrupt, there remained in the hands of the trustee the sum of $913. The costs of administration aggregate the sum of $817.02, leaving a balance of $95.98 for distribution among the general creditors. The transcript in this case does not disclose the ground or necessity for the appointment of a receiver, and ordinarily we would be justified in concluding that there were urgent and sufficient grounds upon which the order of appointment followed. The question of allowance of compensation to receivers and attorneys is largely committed to the sound discretion of the court under whose direction the services are performed. The fees allowed in this case, together with the commissions and court costs, practically consume the residue of the estate after deducting the homestead allowance in lieu of exempt property.

The proceedings of courts of bankruptcy should be so administered as to preserve the assets of the bankrupt estates for the benefit of the creditors. As said in Re Curtis, 100 Fed. 792, 41 C. C. A. 68:

"The present bankrupt law was evidently intended to reduce to the lowest minimum the cost of administration, as regards fees of officers created by the act, as well as those of attorneys who may be called to assist the court in the preservation and distribution of the bankrupt's estate."

This statement has our approbation and a strict compliance therewith is recommended in this circuit.

We also deem it well to refer to T. S. Faulk & Co., Petitioners, v. Steiner, Lobman & Co. et al. (recently decided by this court) 165 Fed 861, in which the improvident appointment of receivers is dealt with, and also to quote the following from section 2 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 545, 546 [U. S. Comp. St. 1901, p. 3421]):

"(3) Appoint receivers or marshals upon applications of parties in interest in case the court shall find it absolutely necessary for the preservation of estates to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified; (5) authorize the business of bankrupts to be conducted for limited periods by the receivers, marshals or trustees, if necessary, in the best interests of the estates, and allow such officers additional compensation for such services, but not at a greater rate than in this act allowed trustees for similar services." As amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1024).

The petition to superintend and revise is denied.