### In re COTTON & PRESTON.

(District Court, S. D. Georgia, S. W. D.   September 30, 1910.)

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—TRUSTEES' REPORT SETTING APART—
OBJECTIONS.
   A creditor of a bankrupt, desiring to object to the trustees' report set-
ting apart the bankrupt's exemption, should file all of his objections with-
in the 20 days prescribed by General Order 17 (89 Fed. viii, 32 C. C. A.
xix), and can neither file his original objections nor amend to add new
and additional grounds after that time.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 399*)—EXEMPTIONS—GROUNDS FOR REFUSING.
   A bankrupt is not deprived of his right to exemptions under the ex-
emption statute of Georgia because of a fraudulent transfer of real es-
tate made more than four months prior to his bankruptcy, nor because
of false statements in writing made to obtain credit; and fraudulent con-
cealment of assets, if relied on to defeat such right, must be proved with
reasonable certainty.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

In the matter of Cotton & Preston, bankrupts.   On petition for re-
view of order of referee setting apart homestead exemptions.   Af-
firmed.

See, also, 183 Fed. 181.

The following is the report of Isaac, Referee:

The trustee set apart to the bankrupt E. S. Cotton wearing apparel valued
at $30, cash derived from the sale of the property of the bankrupts, after de-
ducting the costs and expenses of the proceeding, $784.55, or a total exemp-
tion of $814.55.   He likewise set apart to the bankrupt F. F. Preston wear-
ing apparel and other personal property amounting to $50, and cash derived
from the sale of the assets of said bankrupts, after the payment of the costs
and expenses of the proceeding, $784.55, or a total exemption of $834.55.

Certain creditors have filed exceptions to the trustee's report, those of
Ragan, Malone & Co. presenting substantially the following grounds, viz.:
That the bankrupts had not made a full and fair disclosure of their property;
had drawn out of bank several sums of money before and after the filing of
their petition in bankruptcy, which had not been accounted for; had made
false statements of their indebtedness for the purpose of obtaining credit;
had conveyed to their wives all of their real estate for the purpose of de-
frauding their creditors; and are withholding large sums of money received
from their business which should have been delivered to the trustee in bank-
ruptcy.   The objections of the Dannenberg Company were withdrawn before
this opinion was rendered, and their objections will be omitted.   The objec-
tions of Thomas G. Plant Company were that the bankrupts had concealed
a part of their property, and had made false statements of their financial
condition, and so much of the homestead set apart to said bankrupts as con-
sisted of cash was illegal.

At the hearing of these objections the bankrupts moved to amend their
schedules, so as to avoid the objections that the claim to homestead was for
cash, and to show that the funds set apart were the proceeds of the sale of
the goods and property of Cotton & Preston made without objection on the
part of creditors of said bankrupts, etc.; but the court held that the claim
to exemptions in the original schedules was sufficiently clear and specific, and
amendments were unnecessary, and declined to allow the same.   See Dunlap
v. Huddleston, 21 Am. Bankr. Rep. 731, 167 Fed. 433, 93 C. C. A. 69.   Motion
was likewise made by the bankrupts to dismiss the objections of Thomas G.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plant Company because the same were not filed within 20 days from the date of the filing of the trustee's report setting apart said exemptions. An amendment was also offered by the objector, Ragan, Malone & Co., adding several grounds of objection, not amplifications of the original grounds of objection, but setting forth new matter.

It appearing on the face of the record that the trustee's report setting apart the exemptions was filed on July 26, 1909, and that the exceptions of the Plant Company were not filed until August 26, 1909, more than 20 days after the filing of said report, said motion to dismiss was granted. General Order in Bankruptcy 17 (89 Fed. viii. 32 C. C. A. xix); In re Amos, 19 Am. Bankr. Rep. 804. The amendment of Ragan, Malone & Co., setting forth new grounds of objection, having been presented more than 20 days after the filing of the trustee's report setting apart the bankrupt's exemptions, said amendment was disallowed. A creditor, desiring to object to the trustee's report setting apart the bankrupt's exemption, should file all of his objections within the time fixed by law, and cannot come in after the expiration of that time, and add new and additional grounds to his objections already of file. It is otherwise as to the enlargement or amplification of grounds originally taken.

This leaves the case to be decided on the objections of Ragan, Malone & Co. alone. Demurrers were presented by the bankrupts to the grounds of these objections, having to do with the making of false statements in writing and the transfer of certain real estate by the bankrupts to their wives more than four months prior to the filing of the petition in bankruptcy by them. These demurrers were and are sustained, and these grounds have not been considered as valid objections to the homestead. It has been repeatedly held in Georgia that the fraudulent omission of real estate from the schedules claiming exemption will not operate to deprive the applicant of his exemption; "the full and fair disclosure" section of the Georgia Code referring only to personal property. See Civ. Code Ga. 1895, § 2830; Torrance v. Boyd, 63 Ga. 23 (3); In re Castleberry, 16 Am. Bankr. Rep. 159, 143 Fed. 1018. And, even if this were not true, the transfer of the real estate by the bankrupts to their wives more than four months prior to the filing of the petition in bankruptcy would not deprive them either of their exemptions or their discharges. Fields v. Karter, 8 Am. Bankr. Rep. 351, 115 Fed. 950, 53 C. C. A. 432. This decision is by the United States Circuit Court of Appeals of the Fifth Circuit.

The making of false statements in writing to their creditors to obtain credit, if true, would deprive the bankrupts of their discharges, but at no time has it been held a valid objection to the allowance of the homestead. Such statements may be material evidence showing the condition of the bankrupt's business at a given time (In re Stephens, 8 Am. Bankr. Rep. 53, 114 Fed. 192), and may without satisfactory explanation prove fraudulent concealment of assets, but it is not a ground of objection.

The evidence taken at the first meeting of creditors held at Brunswick, and at an adjourned meeting of creditors held at Douglas, containing, respectively, 14 and 25 pages of typewritten matter, was offered in evidence by the objectors, and as well a batch of 205 checks given by the bankrupts from time to time in the usual course of their business, to prove the concealment of large sums of money alleged to have been retained by the bankrupts. A careful consideration of this evidence, so far as the same is possible from the character of the proof, fails to satisfy the court that there has been a withholding of assets on the part of these applicants. The only transaction which needed explanation, and which the bankrupts satisfactorily explained, was the withdrawal of $30 in cash on February 18, 1909, three days after the filing of the petition in bankruptcy, which the bankrupts testified was used by them to meet living expenses during the time their place of business was closed and they were forced to keep their families provided with the necessaries of life. More especially is this small item to be overlooked, when it is considered that these bankrupts delivered in cash to the trustee in bankruptcy, as soon as he qualified, $246.81, which was deposited to the credit of the firm in a Broxton bank, and which could have been easily withdrawn or with-

held by them until discovered by the trustee. The voluntary surrender of so much cash by a bankrupt to his trustee is so unusual as not to escape notice and consideration.

Fraud is not presumed or imputed to any one, but must be proved, and it was incumbent upon the objectors in this case to make out their proof of concealment, not by the wholesale introduction of records, checks, and papers, leaving it to the court to decipher and analyze them, but by proof of some act of concealment. The introduction of the checks shows the disbursement of $8,503.87 in cash. Having been offered by the objectors, they are to be taken as prima facie proof of their correctness in favor of the bankrupts until shown to be irregular. The court has had the opportunity of seeing the witnesses and hearing their testimony, and of making deductions therefrom as to the truthfulness of their testimony. They have left the impression that they were telling the truth. If fraud exists in the case, it has not been proven to a reasonable certainty, and the bankrupts are entitled to the benefit of the doubt.

A liberal policy has always existed in this state in favor of the granting of exemptions, and in the absence of some direct evidence of fraud the wives and children of these bankrupts, and the bankrupts themselves, ought not to be stripped of all they possess, made destitute and penniless, and hopelessly "turned out in the big road." In re Hargraves, 20 Am. Bankr. Rep. 188, 160 Fed. 760.

For the reasons stated in this opinion, an order will be entered overruling the objections filed by Ragan, Malone & Co., and dismissing the objections of Thomas G. Plant Company; and, the objections of the Dannenberg Company having been voluntarily withdrawn, no further action will be taken on said objections. An order will be entered accordingly.

Eason & Bull, for Ragan, Malone & Co.
Hardeman, Jones & Johnston, for Dannenberg Co.
Levi O'Steen, for Thomas G. Plant Co.
Rogers & Heath, for bankrupts.

SPEER, District Judge. After hearing the arguments of counsel, and reading and considering the opinion filed in said cause by Hon. Max Isaac, Referee, and the exceptions thereto, and the record in the cause, it is upon consideration adjudged and decreed that the findings of the referee in favor of granting the homestead are in all respects in accordance with the law, and his conclusions and judgment are affirmed, and his opinion is adopted as the opinion, conclusions, and judgment of the court.