## In re YEAGER.

(District Court, E. D. Pennsylvania. November 15, 1910.)

No. 3,609.

1. BANKRUPTCY (§ 400*)—EXEMPTION—JURISDICTION.
   The bankruptcy court has no jurisdiction over property set aside to a bankrupt under a claim for exemptions, except to set it aside for his use.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 398*)—EXEMPT PROPERTY—LIABILITY FOR EXPENSES.
   A bankrupt had no property, except a few tools of his trade, and his only real estate was an undivided interest in a farm. He elected to retain the tools at their value ($5), and claimed the remainder of his exemption ($295) out of the proceeds of the real estate when his interest should be sold. This interest the trustee sold for $350, which the referee distributed, allowing his own commissions and expenses, the trustee's commissions, and counsel fees to the attorneys both for the bankrupt and the trustee, which so diminished the fund that only $233.75 was left for the bankrupt. *Held*, that the bankrupt was entitled to $295 out of the proceeds of the realty, and that the referee was only entitled to distribute the balance.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 398.*]

In the matter of bankruptcy proceedings against W. Jones Yeager. On certificate to review a referee's order of distribution. Modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. E. Bushong, for bankrupt.

J. B. McPHERSON, District Judge. This is a case of voluntary bankruptcy. The bankrupt had no personalty, except a few tools of his trade, and his only real estate was the undivided interest in a farm. He elected to retain the tools at their value ($5), and claimed the remainder of his exemption ($295) out of the proceeds of the realty when his interest should be sold. The trustee sold it at private sale for $350, and the referee distributed the money, allowing, inter alia, his own commissions and expenses, the trustee's commissions, and counsel fees to the attorneys both for the bankrupt and the trustee. This diminished the fund so that only $233.75 was left for the bankrupt, and for that reason he objects to these allowances. In my opinion the objection must be sustained. Property set aside to a bankrupt under his claim to exemption forms no part of the estate. The District Court has no jurisdiction over it except to set it aside for his use. Lockwood v. Bank, 190 U. S. 294, 23 Sup. Ct. 751; 47 L. Ed. 1061. It was accordingly held by this court in Re MacKissic (D. C.) 171 Fed. 259, that, where the proceeds of exempt real estate came into a trustee's hands, the referee had no jurisdiction to distribute it, and no right to determine among contesting claimants who was entitled to receive it. And the Court of Appeals for the Fifth Circuit, in Dunlap Hardware Co. v. Huddleston, 167 Fed. 433, 93 C. C. A. 69 (1909), decided, as the syllabus states, that:

"Where a bankrupt under the laws of the state is entitled to a homestead exemption of property to a certain value, creditors, who with notice make no objection to a sale of all of the property for the purpose of permitting the bankrupt to take his exemption from the proceeds, cannot afterward object to its allowance, nor can they require the costs of administration in such case to be deducted from the exemption."

The right to allow filing fees from the proceeds of exempt property, a subject that has been passed upon in some of the cases, need not now be considered. The bankrupt paid the filing fees when the petition was filed.

The referee's order of distribution is therefore set aside, and the trustee is directed to pay over to the bankrupt the sum of $295 out of the proceeds of the realty. The balance of $55 may be distributed by the referee.