### In re HUTCHINSON.

(District Court, W. D. Michigan, S. D. August 1, 1912.)

BANKRUPTCY (§ 400*)—SALE OF PROPERTY—EXEMPT PROPERTY.

Where a bankrupt selected property to the value of his exemption under the state law, $250, from his stock of merchandise, an agreement by the trustee to pay him such sum from the proceeds of the stock sold as an entirety will be sustained, where it appears that such sale was advantageous to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671–675; Dec. Dig. § 400.*]

In the matter of Roy Hutchinson, bankrupt. On review of order of referee. Reversed.

Gillard & Hall, of Grand Rapids, Mich., for trustee.

SESSIONS, District Judge. The property of the bankrupt consisted of a small stock of groceries, tools and store fixtures, some accounts receivable, less than $20 in cash, and exempt household goods. In his schedules the bankrupt claimed an exemption of $250 in the stock of goods. The trustee attempted to set off that amount of the goods in bulk, and not in specific articles. The bankrupt assigned his exemption to Judson Grocer Company, and the assignee refused to permit the trustee to sell the stock of goods as an entirety and to accept a pro rata share of the proceeds. Thereupon the trustee, believing that more could be secured for the creditors by selling the entire stock and paying the assignee the sum of $250 than could be obtained by selling the remnant of the stock after setting apart the exemption, entered into a written contract with the assignee, as follows:

"Grand Rapids, Michigan, July 29, 1910.

"We hereby agree to allow the trustee to sell the exemptions which belong to us, and which we have selected out of the stock of Roy Hutchinson, of Hastings, Michigan, when the trustee sells the rest of the stock, provided that, after the sale is made, he turns over to us the value of said exemptions, to wit, $250.00. Judson Grocer Company,

"By H. T. Stanton, Treasurer.

"I hereby agree and consent to the above arrangement.

"J. B. Gillard, Trustee."

The stock of goods, including the exemption, was appraised at $600, and was sold by the trustee under the above contract for $427.55. The sale was confirmed. Thereupon the trustee paid to the assignee of the bankrupt the sum of $250, and has asked the referee to allow such amount as a disbursement. The referee refused so to do, but did allow the sum of $177.50, upon the theory that, the entire stock of goods having brought but 71 per cent. of the appraised value, the bankrupt or his assignee was not entitled to more than 71 per cent. of the amount of his exemption.

The precise question here presented does not appear to have been decided in any reported case. While the action of the trustee was somewhat irregular, yet the course pursued by him was undoubtedly for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

best interests of the estate. The bankrupt claimed and insisted upon the full amount of his exemption, and consented to the sale of his property solely upon the condition and agreement that he would receive the full amount in cash. No creditor has objected. The trustee having paid out the money pursuant to his contract, made in good faith, and the estate and its creditors having profited by his action, he ought in justice and equity to be reimbursed. This view is not without support of authority. Dunlap Hardware Co. v. Huddleston, 167 Fed. 433, 93 C. C. A. 69, 21 Am. Bankr. Rep. 731; In re Yeager (D. C.) 182 Fed. 951, 25 Am. Bankr. Rep. 51; In re Cotton & Preston (D. C.) 183 Fed. 190, 25 Am. Bankr. Rep. 532.

The order of the referee in this regard will be reversed.