In re DITTMAR.

Petition of SCHULTZ.

(Circuit Court of Appeals, Third Circuit. March 29, 1918.)

No. 2332.

1. BANKRUPTCY ⬦⇒400(1)—EXEMPTIONS—ALLOWANCE.

As a claim for exemption is sufficient, if made generally under the exemption laws of the state, an order allowing a Pennsylvania bankrupt shares of corporate stock as part of his exemption will not be reversed, because the bankrupt claimed the same under Act Pa. April 9, 1849 (P. L. 533), although the act really allowing the exemption was that of April 8, 1859 (P. L. 425); it being common to refer to exemptions under act of 1849, though amendments and supplements be intended.

2. BANKRUPTCY ⬦⇒400(1)—EXEMPTIONS—EFFECT.

Where a voluntary bankrupt claimed as exempt property which had been attached in proceedings in the state court brought by the judgment creditor before the filing of the petition, it is proper for the bankruptcy court, the state statute declaring the property exempt, to set it apart to the bankrupt; the order not affecting the attachment, but leaving the property subject to the lien of the attachment, if any.

Petition to Revise from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of the bankruptcy of Frederick Dittmar. On petition by Howard M. Schultz to revise an order setting aside certain corporate stock to the bankrupt as part of his exemptions. Order affirmed.

Jacob Weinstein, of Philadelphia, Pa., for petitioner.

Samuel Galt Birnie, of Philadelphia, Pa., for respondent.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In March, 1916, the petitioner, Howard M. Schultz, obtained a judgment against Frederick Dittmar in the common pleas of Philadelphia county, and in July issued an attachment execution thereon and summoned the Penn Surgical Manufacturing Company, as garnishee. On September 14, in response to interrogatories, the company admitted that Dittmar was the apparent owner of two shares of its capital stock, but the attachment still remains undetermined, there being no final judgment or execution therein.

[1] On February 9, 1917, more than four months after the attachment was issued, Dittmar filed a voluntary petition in bankruptcy, and as part of his schedules presented a claim for the debtor's exemption of $300 allowed by the Pennsylvania law. Among the articles he desired, he specified the two shares of stock that had then been attached, and the trustee afterward allowed his claim. It is true that both the bankrupt and the trustee refer to the Pennsylvania Act of 1849 (P. L. 533) as the basis of the claim and of the allowance, while it is really the act of 1859 (P. L. 425), that permits shares of stock to

be claimed as part of a debtor's exemption. But this oversight or mistake, which is relied on as a reason for reversal, is hardly important enough to require discussion. In Pennsylvania it is common to speak loosely of the exemption as "under the act of 1849," although the speaker means the act of 1849 and also its supplements and amendments. But in any event it was not essential to refer precisely to a particular statute. The claim would have been sufficient, if made generally under the exemption laws of the state; nothing in the act or in the general orders imposes a penalty for failure to point out in exact terms the statute relied on.

[2] Schultz filed other objections to the trustee's action in setting these shares aside, but the exemption was approved both by the referee and the District Court. In spite of the argument that was addressed to us in support of the petition to revise, we think the approval was right. Of necessity the bankruptcy court is called upon to supervise the process of setting aside the exemption under the local law; but, after this duty has been performed, the property set aside continues to belong to the bankrupt, just as it belonged before the bankruptcy. If it were then affected by liens, it continues to be so affected; the bankruptcy court has no authority to decide upon their validity, but simply retires from the temporary control of the property and leaves other questions to be determined by the proper tribunal. Lockwood v. Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061; Black, Bankruptcy, § 252; Collier, Bankruptcy, pp. 205–207. In the case before us the District Court did not attempt to meddle with the attachment proceeding; this is a matter for the common pleas, and of course nothing that we have said is intended to have any bearing upon the questions that may be in dispute before that tribunal.

The order is affirmed.