### In re DUNING.

(District Court, W. D. Pennsylvania. October 15, 1923.)

1. **Bankruptcy ☞400(1)—Claim for exemption need not refer to statute.**

A claim for exemption under state laws was sufficient, without referring to the particular statute.

2. **Bankruptcy ☞400(1)—Exemption claimed at time of filing schedules held timely.**

Where involuntary bankrupt's property was sold as perishable prior to the adjudication, without notice to bankrupt or opportunity to present claim for exemption, his claim for exemption, made in his schedules filed after the adjudication, was in time.

3. **Bankruptcy ☞398(1)—Exempt property not subject to payment of expenses of administration.**

Property set aside to a bankrupt as exempt forms no part of bankrupt's estate, and the court may not diminish it by the payment therefrom of costs and expenses, but may only supervise the setting aside of the same to bankrupt's use.

In Bankruptcy. In the matter of Fred Duning, bankrupt. On petition to review findings of referee. Report of referee confirmed.

J. M. Redden, of Pittsburgh, Pa., for petitioning creditors.
R. J. Esler, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge. This case comes before the court on petition to review the findings of the referee in awarding to the bankrupt an exemption in the sum of $299.

In this case an involuntary petition in bankruptcy was filed on September 6, 1922, and the adjudication in bankruptcy was made on the

---

26th. day of September, 1922. Prior to the adjudication, a receiver was appointed, who, on the authority of this court, sold the bankrupt's goods as perishable goods, and received therefor the sum of $299, the amount claimed as exempt. This sale was made and confirmed before the adjudication in bankruptcy. Upon the adjudication in bankruptcy, the bankrupt filed his schedules, and in the portion of schedule form for exemption claims he stated the following:

"The bankrupt claims stock of goods and groceries on hand at his place of business, Corbet street, Tarentum, Pa., or the proceeds of the sale of same by the receiver, Ladowsky, for the sum of $299."

The trustee filed a report of this exemption, showing the claim, but recommended the award of only $123.68, and in connection therewith charging first the administration expenses in bankruptcy against the sum of $299 claimed by the bankrupt as exempt. There are two questions raised: (1) Did the bankrupt make proper claim for his exemption? (2) Is the exemption fund subject to payment of administration costs in bankruptcy?

[1] As to the first proposition, the trustee first makes a report that the claim of exemption is properly made, but apparently later, before the referee, raised the question as to whether or not the exemption claim was properly made. The referee ruled that it was; we coincide with the views expressed in his opinion on that point. We are of the opinion that the exemption is sufficiently made without reference to the particular statute under which it is claimed, appearing on the bankrupt schedule (5) B under the heading: "Property Claimed to be Exempted by State Laws." We are of the opinion that this is sufficient, and also that this is in accordance with the ruling of the Circuit Court of Appeals in this circuit. Matter of Dittmar (C. C. A. 3d Cir.) 41 Am. Bankr. Rep. 690, 249 Fed. 606, 161 C. C. A. 532.

[2] We are also of the opinion that this exemption was made in proper time. An involuntary petition was filed against this bankrupt, and even before the adjudication in bankruptcy was made the property was sold as perishable goods. It does not appear that the bankrupt had notice of this sale, or any opportunity to present his claim for exemption. In fact, under the bankruptcy laws, he was under no obligation to present his claim until he filed his schedules. We are clearly of the opinion that the referee was right in so holding.

[3] Having determined that the bankrupt properly made his claim for exemption, and was entitled to the proceeds of sale by the receiver, $299, as exempt property, we come to the second question raised, and that is: Is this sum claimed as exempt subject to administration costs in bankruptcy? Property set aside to the bankrupt as exempt forms no part of the bankrupt's estate, and the bankruptcy court may not diminish it by the payment therefrom of costs and expenses. The only thing that the court has to do with the exempt property is to supervise the setting aside of the same to the use of the bankrupt. In re Yeager (D. C. Pa.) 25 Am. Bankr. Rep. 51, 182 Fed. 951.

We therefore sustain the findings of the referee, and decree may be entered to confirm the report of the referee and the turning over to the bankrupt of $299 claimed as exempt.