### No. 57
### GEHRING v. SCHUSTER CO.
No. 18198.  Supreme Court.

On motion to direct Geauga Appeals to certify dock. 11-21-23: 1 Abs. 813.

787 MORTGAGES, Will finding of duress warrant the setting aside?

Published only in Ohio Law Abstract

This case asks review of a case tried in the Geauga Appeals; Mrs. Gehring praying that a deed to the Schuster Company be set aside on the ground that it was obtained under duress and fraudulent representations, it being alleged that threatening to send her husband to the penetentiary for embezzling a large amount of wine, if she refused to transfer her property to it in satisfaction of claim for wine embezzled.

The Common Pleas rendered a judgment in favor of Mrs. Gehring and on being taken to the Appeals, that court reversed the judgment of the lower court.

The Constitutional question involved in this case is the right of the Court of Appeals to require appealed cases to be heard on a transcript of the evidence taken in the Court below and denying the right to have witnesses testify in open court.

Other questions raised are:

1. Whether there can be an embezzlement of wine made contrary to state and federal regulations?

2. Whether in determining the issue of duress the court can ignore the "sex, age and conditions of life" of the party?

3. Whether when duress is predicated upon a threat of imprisonment of a relative, plaintiff must prove charge of crime unfounded?

Attorneys—Payer, Winch, Minshall & Karsh and Gentsch, Rawson, Smith, Kavanagh & Carpenter, for plaintiff; W. H. Boyd, Maurer, Bolton, Wilson & McGiffen; all of Cleveland.

### No. 58
### STATE ex v. ARNOLD
No. 18880.  Supreme Court
On Motion to Monroe Appeals to Certify.

Published only in Ohio Law Abstract

489.   EXEMPTIONS—Does amendment under 11738 GC. modify all exemption laws of the state; or does it apply only to 11738 GC?

Paulus obtained a judgment against Phillips James in an action on an account claimed to have been for part of the unpaid purchase price of a cooking stove.  Arnold, a constable, armed with an execution, issued on said judgment disconnected and took away the cooking stove.  Upon refusal to comply with the demand to return it, James brought a mandamus suit in the Monroe Common Pleas, praying the court to compel the return of the stove.  The Common Pleas found in favor of James, holding that the stove was exempt from execution under 11725 GC.

Error was prosecuted in the Court of Appeals which reversed the lower court and held that the stove was not exempt by reason of an exception found at the end of 11738 GC. as amended in 1904.

The plaintiffs contend that the exception is limited in its application to exemptions claimed only under 11738 GC., and is not a modification of Exemption Laws of the State as held by Court of Appeals.

Attorneys—Moore, DeVaul & Moore, Woodsfield, for plaintiff.