DAVIDSON, Bankrupt, In re.

In the District Court of the United States Northern District of Ohio Eastern Division.

No. 87648.   Decided August 11, 1960.

For further history see *Omnibus Index* in bound volume.

WHITE, Referee in Bankruptcy. The Trustee, John C. O'Donnell, Jr., filed a petition to sell one Morse portable sewing machine. Due notice of said petition to sell was given to all parties and interested creditors. An answer to said petition to sell was filed by the bankrupt claiming the right to the article by virtue of Section 2329.66 (b), Revised Code.

On the 14th day of July 1960, the same date that the bankrupt filed his answer, an application for leave to amend his petition was filed. On the same date an order was entered allowing the bankrupt to amend his Schedule B-5 of his Bankruptcy Petition to claim specifically the Morse sewing machine as an exempt household furnishing under Section 2329.66(b), Revised Code.

The hearing was held on the 3rd day of August 1960, upon the petition to sell. The Trustee at the hearing objected to the allowance of the amendment, claiming the right to sell said property by virtue of Section 2329.81, Revised Code, in that

the bankrupt cannot claim exemptions in personal property for which the purchase price is still unpaid and further claiming concealment of the machine from the Trustee in that the bankrupt failed to specifically list said machine in his Schedules as an asset. The Trustee further cites Section 6 of the Bankruptcy Act which provides:

That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate. . .

The bankrupt denies the right of the Trustee to sell and denies any concealment. The Trustee and the attorney for the bankrupt submitted the case for consideration on the pleadings as filed, the statements made on behalf of the bankrupt, and by the Trustee.

The Court makes the following finding of facts:

1. That Joe Duncan Davidson filed a petition in bankruptcy on January 28, 1960, and was duly adjudicated a bankrupt on the same date.

2. That the First Meeting of Creditors was held on the 24th day of February 1960.

3. The bankrupt on Schedule A-3 listed as item No. 23, "Morse Sewing Center, 4336 N. High Street, Columbus 14, Ohio, account sole for machine, at Columbus, Ohio, in 1958, liquidated, One Hundred Sixty-Five Dollars and no/100 ($165.00)." The Referee's record of examination of the bankrupt shows a sewing machine listed among household furnishings.

4. The bankrupt in his Schedule B-5 of his petition claims "Household goods Section 2329.66, Revised Code, Four Hundred Dollars and no/100 ($400.00)." He also showed household goods in Schedule B-2, not itemized, in the amount of Four Hundred Dollars and no/100 ($400.00).

5. The bankrupt is a married man, living with his wife, Mary Davidson, and he has two minor children that he is supporting.

6. That the facts stated in the application for leave to amend the schedules filed on the 14th day of July 1960, are true; said application was timely filed and there was no concealment of the said asset claimed as exempt property.

Considering the above finding of facts, the Trustee's contention as to the concealment of the sewing machine under Section 6 of the Bankruptcy Act is without merit. The bankrupt did not specifically itemize his furniture and show the sewing machine in his original Schedule B-2 (d), but he did list household goods valued at Four Hundred Dollars and no/100 ($400.00).

The official forms used by the bankrupt are part of the bankruptcy law. Although the bankrupt is required to state each item of property, with its evaluation separately, the exemption provisions of the laws of the State in which the bankrupt resides are to be liberally construed in favor of the bankrupt.

The Courts have held that it is sufficient merely to state;
Household goods, Section 2329.66, Revised Code, claimed exempt

The Court said in *Burke* v. *Guarantee Title and Trust Company*, 14 Am. B. R., 31, Page 32, 134 Fed., 562 on Page 564

Having given notice of his claim, it was not his duty, but that of the Trustee to set apart the bankrupt's exemptions and report the items and estimated value thereof to the Court.

There is not a word in the statute to warrant the conjection that Congress intended that the bankrupt himself should make an itemized estimation, which the Trustee in performing the functions expressly assigned to him, might wholly disregard.

In Re Andrews & Simonds, 27 Am. B. R., 116, at Page 120, 193 F., 776, the court said:

In other words, if the bankrupt has clearly indicated his intention not to waive his exemption and has also specified the particular class of property owned by him from which he claims his exemptions, it then becomes the duty of the Trustee to select and sever the exemption from the mass of property belonging to the estate of the character and in the class indicated.

See In re Dunning, 296 F., 243, 1 Am B. R. ns, 553; In re: Dittmar, 249 F., 606, 41 Am B. R., 690.

Therefore considering all the facts, the amendment as filed and allowed, the Court is of the opinion that the listing of "Household goods, $400.00" is sufficient compliance with the

official form of bankruptcy to put the Trustee on notice that the bankrupt owned household goods and that certainly a sewing machine would come within the classification of household goods.

The Trustee also raised the question of whether the bankrupt could claim exempt an article for which the purchase price was unpaid. The Trustee is correct that in order for a person to claim an article exempt under Section 2329.66, Revised Code, where the judgment rendered is for the purchase price, or any part thereof, he must not owe the vendor for the original purchase price as set forth in Section 2329.81, Revised Code. See *State* v. *Arnold*, 3 Ohio Law Abs., 36; 23 Ohio Jurisprudence 2d (exemption), Sec. 38, Page 269.

The courts have generally held that the exception to the exemption law as set forth in Section 2329.81, Revised Code, applies only as between the vendor and the vendee does not apply to general creditors. See *Stoner* v. *Anderson*, 1 Ohio Opinions, 177, 23 Ohio Jurisprudence 2d, Exemption, Sec. 38, Page 270.

Therefore it is clear that under Section 2329.81 Revised Code, "No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof." The exemption statute must be strictly construed and it is clear from the language that the Ohio Legislature passed this part of the exemption statute to protect the vendor from having his property claimed exempt under the exemption laws of Ohio when the original purchase price, or any part thereof, is unpaid.

The only question for the Bankruptcy Court to determine when the bankrupt claims personal property exempt is whether as against general creditors the property is exempt. The fact that the property is not paid for, or certain creditors have a lien on said property for their purchase price by statute or otherwise, should not prevent the property from being set aside as exempt. See Colliers on Bankruptcy, 14 Ed. Vol. 1, Section 6.05, Page 811; Lockwood v. Exchange Bank, 190 U. S., 294, 10 Am. B. R., 107.

The Trustee does not acquire title to the said property under Section 70 A of the Bankruptcy Act as the Act specifies and provides:

The Trustee . . . shall . . . be vested by operation of the law with the title of the bankrupt . . . except insofar as it is to property which is exempt.

There is an exception to this rule under Section 70 (e) 1 when:

A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the Trustee of such debtor.

As previously stated, there is no evidence before this Court for the consideration of the application of Section 70 (e) 1 of the Bankruptcy Act. The Trustee's duty is mandatory as provided for by Section 47 A (6) of the Bankruptcy Act in that:

The Trustee shall . . . . set apart the bankrupt's exemptions allowed by law, if claimed, and report the items and estimated value thereof to the Courts as soon as practicable after their appointment.

The bankrupt then has an opportunity to except to the Trustee's Exemption Report within ten (10) days as provided for by Section 39 c of the Bankruptcy Act. The vendor or mortgagor then can enforce his lien, or claim, upon the exempt property in the State Court, as the Bankruptcy Court has no power to pass on the validity of and enforce a lien on exempt property. Colliers on Bankruptcy, 14 Ed., Section 605, Page 805.

## CONCLUSION

In conclusion, the facts of the case, and the law, do not justify granting the Order of Sale as prayed for in the Petition to Sell. The exemption report as filed on the 24th day of February 1960, in which the Trustee allowed household goods exempt in the amount of Four Hundred Dollars and no/100 ($400.00) shall stand allowed as filed to include the Morse portable sewing machine.

The Trustee may have his exceptions.