## In re WHITE.

(District Court, E. D. Pennsylvania. March 10, 1904.)

### No. 1,555.

1. BANKRUPTCY—SCHEDULES—AMENDMENT—EXEMPTIONS—WAIVER—MISTAKE—DELAY—PAROL EVIDENCE.

Where a bankrupt's schedules contained a waiver of his exemptions, and while the property was still in the hands of the trustee the bankrupt applied for leave to amend his schedules in that regard, parol evidence was admissible to show that the waiver was the result of accident and mistake and to show, also, an excuse for the bankrupt's delay in making the application.

2. SAME.

Where a bankrupt's schedules containing a waiver of exemptions were filed February 6, 1903, the bankrupt was not entitled to the granting of an application, not filed until January 25, 1904, to amend the schedules so as to claim his exemptions on the ground that the waiver was inadvertent, without showing a sufficient excuse for the delay.

In Bankruptcy.

J. Hibbs Buckman, for bankrupt.
R. Stuart Smith, for trustee.

J. B. McPHERSON, District Judge. The bankrupt's schedules, filed February 6, 1903, contained an express waiver of his right to the statutory exemption. In Schedule B-5, opposite the clause, "Property claimed to be exempt by state laws," etc., is written "None," apparently in the handwriting of the gentleman who was then his attorney. On January 25, 1904, he petitioned for leave to amend by inserting a claim to the exemption in place of the word "None," incorporating in the petition a list of the articles claimed at the value fixed by the appraisers. He averred that the person who prepared the schedules "inadvertently, by accident or mistake, * * * inserted the word 'None,'" and the referee certifies that an offer to prove this averment was made, but that he rejected the offer on the ground that the evidence was immaterial, because there was nothing on the record to be amended. As the question is presented to me, therefore, I must assume that the word was inserted "inadvertently, by accident or mistake," and the point to be determined is whether the mistake is curable. The property claimed by the bankrupt is in the hands of the trustee, awaiting decision upon this petition, and, so far as I am aware, no new rights have intervened that would be harmed by the allowance of the exemption, even after this considerable lapse of time. If the schedule had said nothing about the exemption, the application to amend for the reason stated would scarcely be resisted, and would probably be granted, although in that case also there would be nothing on the record to be amended. I can see no sufficient reason why the present application should be denied merely because a mistake of commission may have been made, instead of a mistake of omission. This is not an attempt to make something bet-

128 F.—33

ter that is already in existence—an attempt with which most of the decisions on the subject of amendments are concerned. In such cases courts ordinarily do not permit a new subject-matter to be introduced under the guise of amending something else, and do not permit it at all when the rights of others would be injured thereby. But this is simply the familiar proposition to prove that, because of mistake, a writing does not truly express the mind of the writer. An instrument such as the schedule in question differs, of course, from a written contract, and the law does not require the quality of evidence to prove the mistake to be so high as if the writing were a contract; but undoubtedly the evidence must go so far at least as to be clear and satisfactory, or the instrument will stand as first written. If evidence of this quality is produced, however, I am unable to see why a schedule in bankruptcy may not be changed so as to tell the truth, as well as a receipt or other written declaration.

I think, therefore, that the testimony should have been heard and considered, and accordingly the order of the referee is set aside, with instructions to hear as speedily as possible such evidence as may be submitted concerning the subject-matter of the petition, and to allow the claim if the alleged mistake shall be clearly and satisfactorily established.

But before this evidence is heard the delay in making the present application should be accounted for. This the petition does not profess to do, but counsel for the bankrupt offered an oral explanation at bar, which may or may not be established by the proof, and may or may not be sufficient when all the facts are known. This is a preliminary question, which is also committed to the referee for hearing and appropriate action thereon. His report should embrace both subjects, whatever his opinion may be concerning the sufficiency of the bankrupt's excuse for the delay.