## LIPMAN v. STEIN.

### (Circuit Court of Appeals, Third Circuit. January 16, 1905.)

### No. 18.

**1. BANKRUPTCY—EXEMPTIONS—WHAT LAW GOVERNS.**

While a bankrupt's right to exemptions must be deduced from the state law, it can be made available only in the manner prescribed by Bankr. Act July 1, 1898, c. 541, § 7, cl. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425].

**2. SAME—SALE OF PROPERTY.**

Where a bankrupt claimed her exemptions within the 10 days prescribed by Bankr. Act July 1, 1898, c. 541, § 7, cl. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], she could not be deprived thereof by a receiver's sale of all of the assets before her claim was made, rendering it impossible to appropriate specific property to such exemptions.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 130 Fed. 629.

H. N. Wessel, for appellant.

Charles S. Wagoner, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is a petition invoking the exercise of the authority conferred upon this court by section 24, cl. "b," Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], to revise in matter of law the proceedings of the several courts of bankruptcy within its jurisdiction; and the question presented by it is whether an order which was made by the District Court for the Eastern District of Pennsylvania, sustaining the bankrupt's claim for the exemption of $300 in cash out of the proceeds of a receiver's sale, was erroneous. That a bankrupt's right to exemption must be deduced from the state law is unquestionable; but it is no less true that, where the right exists, it is to be asserted in the manner which the bankruptcy act itself prescribes. The only pertinent provision of that act is that the bankrupt, if an involuntary one, as in this case, shall file, within 10 days after the adjudication, a schedule of his property, showing, among other things, "a claim for such exemptions as he may be entitled to." Section 7 (8), 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]. This the present bankrupt did, and she could not have been required to do more. The fact that a receiver was appointed by the court, who, by its authorization, sold all the assets of the bankrupt's

əstate before her claim was made or the time allowed for making it had expired, rendered it impossible to appropriate specific property to its liquidation; but her right to its allowance was not thereby extinguished. The order complained of was not violative of the terms of the statute, and could not have been refused without disregarding its spirit. It is therefore affirmed.