## BURKE v. GUARANTEE TITLE & TRUST CO.

(Circuit Court of Appeals, Third Circuit. January 16, 1905.)

### No. 51.

1. BANKRUPTCY—EXEMPTIONS—CLAIMS—ENUMERATION OF ARTICLES.

Bankr. Act July 1, 1898, § 7, subd. 8, 30 Stat. 548, c. 541 [U. S. Comp. St. 1901, p. 3425], requires a bankrupt to file his claim of exemptions within 10 days after adjudication; and section 47, subd. 11, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], requires the trustee to "set apart the bankrupt's exemptions and report the items and estimated value thereof

to the court." *Held*, that a bankrupt's claim of an exemption of $300 under a state law, to be set off from the stock in trade of his shoe business, consisting of "shoes and slippers, and men's, women's, and children's shoes and slippers, as set out in schedule B, No. 2, under head of C," was not defective for failure to specify the articles claimed as exempt; it being the duty of the trustee, and not of the bankrupt, to set apart such articles.

2. SAME—FORMS.
Bankruptcy form "Schedule B (5)," containing the words "property claimed to be exempt by the state laws, its valuation," etc., does not require the bankrupt to specify the articles specially claimed to be exempt; such forms not being intended to be mandatory, but to be altered to suit the circumstances of the particular case, as prescribed by general order 38 (89 Fed xiv, 32 C. C. A. xxxvii).

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Albert York Smith, for petitioner.
Mr. Morris, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This cause is before us upon the petition of Michael Henry Burke, a voluntary bankrupt, by which, under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), he asks this court to revise in matter of law an order of the District Court for the Western District of Pennsylvania by which his claim for exemption, as made in the schedule originally filed by him, was disallowed, and his application for leave to amend was refused. The claim was made in the proper place in the schedule, as follows:

"I claim the exemption of $300.00, under the act of the General Assembly of Pennsylvania, 1849, section one, of the following property: Stock in trade in my shoe business at No. 111 Frankstown avenue, in city of Pittsburgh, county of Allegheny, Pa.; stock in trade consisting of shoes and slippers, and men's, women's, and children's shoes and slippers, as set out in schedule B, No. 2, under head of C, $300.00."

The learned referee (whose action the court simply approved) was of opinion that this claim "is fatally defective, in that it does not specifically enumerate the articles claimed as exempt under the exemption law of the state of Pennsylvania." But, as we have said in an opinion delivered to-day in the case of Lipman v. Stein, 134 Fed. 235, though a bankrupt's right to exemption must be deduced from the state law, yet it is to be asserted in the manner prescribed by section 7 of the Bankruptcy act itself (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]); and that section does not require that he shall enumerate the articles claimed as exempt, but only that "the claim for such exemption as he may be entitled to" shall appear in the schedule which he is required to file. The claim in this case was for $300 "of the * * * property * * * set out in schedule B, No. 2, under head of C," and that the bankrupt was entitled to the exemption of that property to the amount stated is unquestionable. This was his right, and its denial was not justified by the fact that, in setting out the entire property, he seems to have excessively estimated its

value. What he meant to claim was so much of that property as was of the value of $300, and this, we think, he made clearly apparent. The law imposed no further condition upon him. It nowhere exacted a specification and appraisement by him of the articles claimed. Having given notice of his claim, it was not his duty, but that of the trustee (section 47, subd. 11, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), to "set apart" the bankrupt's exemptions and report the items and estimated value thereof to the court." And there is not a word in the statute to warrant the conjecture that Congress intended that the bankrupt himself should make an itemization and estimate which the trustee, in performing the function expressly assigned to him, might wholly disregard.

It is true that amongst the forms promulgated by the Supreme Court is "Schedule B (5)," in which is contained the words: "Property claimed to be exempted by the state laws, its valuation," etc. But, waiving the question whether in this instance the property claimed and its valuation were not stated in substantial accordance with this direction, it is enough to say that we do not understand it to be anything more than a direction. It could not have been intended to be mandatory. These forms were not designed to effect any change in the law. They are "forms," and nothing more. As was said by the Supreme Court (General Order 38, 89 Fed. xiv, 32 C. C. A. xxxvii), they are to be "observed and used with such alterations as may be necessary to suit the circumstances of any particular case"; and, under the circumstances of this case, we decline to hold that the failure of the bankrupt to precisely observe one of them was fatal to his claim, because we could not do so without subordinating substance to form, and refusing a legal right, merely on account of a defect in procedure, which has caused no injury to any one, and which, if requisite, might be cured by amendment. General Order 11, 89 Fed. vii, 32 C. C. A. xiv; Rev. St. § 954 [U. S. Comp. St. 1901, p. 696]; In re Duffy (D. C.) 118 Fed. 926; In re White (D. C.) 128 Fed. 513.

For the reasons that have been stated, the order to which this petition for revision relates is reversed, and the matter of the bankrupt's claim for exemption is remanded to the District Court for further proceedings in conformity with this opinion.