In re PFEIFFER.

(District Court, W. D. Pennsylvania. August 2, 1907.)

No. 3,047.

1. BANKRUPTCY—EXEMPTIONS—PENNSYLVANIA STATUTE.

Under the law of Pennsylvania (P. L. 1849, 533) exempting to a debtor "property to the value of $300," as construed by the Supreme Court of the state, the exemption must be taken in property, and cannot be claimed in the proceeds of property to be subsequently sold, and a claim by a bankrupt of an exemption of "$300 in cash out of the proceeds of bankruptcy estate" is invalid and gives him no right.

2. SAME—WAIVER OF EXEMPTION—RIGHT TO WITHDRAW.

Under the law of Pennsylvania a debtor may waive his claim to exemption, but may not assign it; and a bankrupt who has filed a formal waiver of his claim will not be permitted to withdraw such waiver for the benefit of a single creditor to whom he has made an assignment of his claim.

In Bankruptcy. On certificate from referee.

A. M. Lee, for trustee.

Frederick L. Kahle, for bankrupt.

EWING, District Judge. The question here certified is "whether the bankrupt, having filed his petition withdrawing his claim for exemption contained in the schedule, should be allowed to withdraw said withdrawal and be allowed the exemption claimed." Pfeiffer filed a voluntary petition in bankruptcy November 24, 1905, accompanied by the proper schedules, and therein made his claim for exemption as follows: "$300 in cash out of the proceeds of bankruptcy estate." On the same day he was duly adjudged a bankrupt, and on December 5th following the United States marshal was appointed receiver and authorized to make sale of the goods of the bankrupt for the sum of $600. On February 22, 1906, the receiver made report of said sale, accompanied by an account, which account was confirmed absolutely, and the receiver thereupon discharged. On December 21, 1905, M. J. McGeary was elected trustee, and the fund arising from the bankrupt's estate is now in his hands for distribution.

Some time in December, 1905, the bankrupt executed a paper selling, assigning, and transferring to D. B. Kahle all his right, title, and interest in and to that certain exemption of $300 out of his estate in bankruptcy, and on April 15, 1907, he presented his petition to Wm. R. Blair, referee, praying that he be permitted to withdraw his claim for exemption, and that the $300 be distributed as his other assets, which petition was granted, and his claim for exemption withdrawn. Two days later, on April 17, 1907, the bankrupt presented his petition reciting his assignment of his exemption fund to Kahle, and stating that in consideration of the above assignment he should not

have presented his petition to withdraw his claim for exemption, and praying leave to withdraw that petition and have the exemption allowed as provided by law. To this second petition his creditors made objection, and a hearing was held by the referee, and the testimony of the bankrupt with respect to these matters taken.

There is no allegation that the bankrupt's petition to withdraw his claim for exemption was induced by anything other than a feeling on his part that his creditors should have that fund rather than himself; but it does appear in the papers that some pressure was brought to bear upon him to induce him to make the application to withdraw his waiver, and that the said Kahle, who is a creditor of the bankrupt was originally, if not even yet, to receive at least one-half of the exemption fund in case the bankrupt obtained it. In one place the bankrupt so states, and in another place that it is not now his intention that he shall have any of it, and that Kahle has relinquished any right he might claim under the assignment aforesaid. While it is not directly so stated in any of the papers, the inference to be drawn from the papers and the statement of counsel on the argument is that the bankrupt is a young man and without any parties depending upon him.

Under the bankrupt act claims for exemption are to be allowed and administered under the state laws and in accordance with the decisions of the Supreme Courts of the respective states. Under the decision of the Supreme Court of this state in the case of Hammer v. Freese, 19 Pa. 255, the claim for exemption in this case could not be allowed as made in the bankrupt's schedules. The act of 1849 (P. L. 533) provides that "property to the value of $300 shall be exempt," etc., and does not permit, under the decision aforesaid, the claimant for the exemption to take the proceeds of property to be subsequently sold. A debtor may waive his right to the exemption (Case v. Dunmore, 23 Pa. 93), but may not assign it (Bowyer's Appeal, 21 Pa. 210; Bogart v. Batterton, 6 Pa. Super Ct. 468); and he may withdraw his claim (Appeal of Overseers of the Poor, etc., 95 Pa. 191; Kyle & Dunlap's Appeal, 45 Pa. 353).

Under the foregoing authorities it appears that the bankrupt's claim for the exemption was invalid in the first place, as was also his assignment of it, and that, even if the claim were valid, he had a perfect right to withdraw it, and, having done so, especially in view of the facts in regard to the disposition of it, in case he should get it, he should not be permitted to play battledoor and shuttlecock any longer. The referee was correct in his decision not to permit the withdrawal of the waiver.

The question, therefore, is answered in the negative, and the $300 directed to be distributed to the creditors in connection with the remainder of the fund in the hands of the trustee.