### In re BAUGHMAN.

(District Court, M. D. Pennsylvania. December 9, 1910.)

#### No. 1,170, In Bankruptcy.

1. BANKRUPTCY (§ 400*)—JURISDICTION OF COURT—EXEMPT PROPERTY.
    While a court of bankruptcy is without power to administer the exempt property of a bankrupt, the exemption must be claimed and allowed, and under the law of Pennsylvania the specific property selected, before it is withdrawn from the jurisdiction of the court.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671, 672; Dec. Dig. § 400.*
    Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. BANKRUPTCY (§ 399*)—PROPERTY PASSING TO TRUSTEE—ABANDONMENT OF CLAIM TO EXEMPTION—WAIVERS IN FAVOR OF EXECUTION CREDITOR.
    At the time of the filing of a petition in bankruptcy, all of the property of the bankrupt, which was less in value than the amount of his exemption, was under levy by the sheriff on a debt in which he had waived his right to exemption. In his schedules he made an insufficient claim to his exemption which he afterwards withdrew. Held, that it was competent for him to abandon his claim to exemption, and the effect was to render the levy void and leave the property subject to administration in the bankruptcy proceeding for the benefit of all creditors.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

In the matter of Jonas B. Baughman, bankrupt. On certificate of W. W. Fletcher, referee. Sur exceptions to account of trustee. Exceptions overruled.

G. Wilson Swartz, for exceptions.
Jasper Alexander, for trustee.

ARCHBALD, District Judge. At the time the petition in bankruptcy was filed, the goods of the bankrupt were under levy by the sheriff on an execution, in which the $300 state exemption was waived;

and on application to this court, except as to goods claimed and set aside to the bankrupt as exempt, this execution was stayed. In the schedules filed by the bankrupt, along with his petition, he claimed as exempt "property to the amount of $300, as allowed by the act of Assembly of Pennsylvania of 1849"; and on appraisement subsequently had it was found that the goods levied on by the sheriff amounted to but $251.60, these being the whole of the bankrupt's possessions. Later on, by agreement, the trustee sold these goods for the amount of the appraisement; and, this being less than the exemption to which the bankrupt was entitled, it is now claimed by the execution creditor, by virtue of his levy, and the waiver which he holds, and should not therefore, as it is contended, have been brought by the trustee into his account. Within a few days, however, after the trustee had been selected, and without any goods having been set apart to the bankrupt under his exemption, the trustee was notified by the bankrupt's attorney that he intended to withdraw his claim, and some two weeks afterwards the bankrupt filed a petition, asking leave to amend his schedules so as to withdraw the claim there made, which amendment the referee allowed. There is no dispute over these facts, and the question is to whom, under the circumstances, the money derived from the sale of the goods belongs.

The claim of the bankrupt, as made in his schedules, was invalid: no particular property having been designated or set out. In re Pfeiffer (D. C.) 19 Am. Bankr. Rep. 230, 155 Fed. 892. And, while this was amendable (In re Duffy [D. C.] 9 Am. Bankr. Rep. 358, 118 Fed. 926; Burke v. Guarantee Title & Trust Co., 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486), it was insufficient as it stood, and without amendment was not in shape to be allowed. But, instead of amending the claim, the bankrupt abandoned it, after which it was the same as if it had never been made. The execution creditor could not prevent this. He had no right by virtue of his waiver to proceed against the goods of the bankrupt which he had seized, even though they amounted to less than the law allowed; but only against the specific property, within that amount, which the bankrupt selected and had set off to him; and, this designation never having been made, and all that was done by the bankrupt in that direction having been recalled, the execution creditor was left without anything on which his writ could take effect. Nor was the bankrupt, because of his waiver, prohibited from doing as he did. He was not required to make claim to his exemption for the benefit of this particular creditor, and, if he had said nothing about it in his schedules, there would have been no remedy. Nor was he bound to proceed with the claim after making it; the result doing him no good, although designed by the law for his benefit. It may be that, by the withdrawal of the claim, he was able to defeat the waiver. But, however it may stand under the state law, there is no particular reason in bankruptcy why a waiver should be favored. The $300 exemption is allowed to the unfortunate debtor for the benefit of himself and his dependent family. And if he is authorized to waive the right to it, in favor of one creditor over others, he certainly is authorized to make no claim to it after bankruptcy, so that all may fare alike.

It is said that the bankruptcy court has no jurisdiction over exempt property except to set it apart. No doubt, to a qualified extent that is true; but it does not apply here. In order to get the benefit of the exemption, it must be claimed. And until it is, and specific property has been set off under it, the court has full authority to consider and dispose of whatever is involved. It may deny the bankrupt his exemption where he has waived or forfeited it, or for any reason it cannot be rightly claimed. In re Highfield (D. C.) 21 Am. Bankr. Rep. 92, 163 Fed. 924. It is only after the bankrupt has been found entitled to it, and it has been set off to him, that the court loses its hold.

The exceptions are overruled, and the account of the trustee is confirmed.