There is no evidence that the trustee willfully or knowingly misrepresented anything. The interest ordered sold by the referee and advertised for sale and sold was the interest under the will, and purchasers had access to the will and every opportunity to examine it, and this petitioner did examine it. He and his counsel seem to have acquiesced in the opinion of the referee and trustee that the interest of the bankrupt was and is contingent, and not vested. It was discretionary with the referee to order this interest sold or hold the settlement of estate until the bankrupt reaches the age of 30 years. I do not see that the referee abused his discretion. It is probable that there will be a suit in equity to construe this will or some of its provisions at some time, and how long it will remain in litigation no one can tell. It may be the suit cannot be maintained until the bankrupt reaches the age of 30 years.

In view of all the circumstances and contingencies and uncertainties, I think the referee acted wisely in ordering and in confirming the sale. This court is not called upon to construe the will. It has no jurisdiction. Its opinion would not bind the Surrogate's Court or Supreme Court.

Order affirmed.

### In re ZACK.

(District Court, E. D. Pennsylvania. May 31, 1912.)

#### No. 3,933.

BANKRUPTCY (§ 396*)—EXEMPTION.

Where a bankrupt made his claim to specific exemptions under the Pennsylvania statute in due time after receiving notice of the adjudication, which was involuntary, but the property had been sold by a receiver, it was within his right to claim the $300 value allowed by the statute in money as an alternative.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

In the matter of Samuel R. Zack, bankrupt. On review of order of referee. Affirmed.

Harry G. Sundheim, of Philadelphia, Pa., for trustee.

Wessel & Aarons and Edwin Fischer, all of Philadelphia, Pa., for bankrupt.

J. B. McPHERSON, Circuit Judge. An involuntary petition was filed on December 29, 1910. The adjudication was entered January 23d, but the bankrupt had no knowledge of its entry until February 14th, when the referee notified him to file his schedules. These were filed on February 21st, and contained a claim for the exemption of specified property. The bankrupt stated in the claim:

"This property was taken into the possession of the receiver appointed by the United States District Court, and may have been sold. If so, petitioner claims $300 in cash."

The referee allowed the $300 in cash, and the trustee asked for a review of the order.

The motion to dismiss the petition for review is refused without comment, for on the merits I think the trustee should not prevail. The bankrupt made his claim for exemption, regular in form, within 10 days after he had knowledge of the adjudication. He demanded specific articles; but, as these had already been sold by the receiver when the claim was made, it is well settled that he was within his right in asking alternatively for $300 in cash.

The referee's order of April 4, 1912, was therefore correct, and is now affirmed.

ROWE et ux. v. HILL et al.

(District Court, E. D. Kentucky. May 13, 1912.)

No. 90

JUDGMENT (§ 677*)—PERSONS CONCLUDED—PERSONS REPRESENTED BY PARTIES.
Complainants, I. W. Rowe and wife, purchased and took a warranty deed for a tract of land, with knowledge of an adverse claim by defendant to a portion of the tract arising out of a dispute as to the boundary of an older grant from the state owned by defendant. Before their deed was recorded, defendant brought suit in a state court to quiet her title against their grantor, also making J. W. Rowe, as she understood the name of the purchaser to be, a defendant. Complainant's grantor defended the suit in his own name and that of J. W. Rowe; the result being a judgment establishing defendant's boundary which was affirmed on appeal. Held, on evidence, that complainants knew of the suit and relied on their grantor to defend it pursuant to his warranty, that they were bound by the judgment, and could not subsequently maintain a suit in a federal court to again litigate the same issue.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062, 1193; Dec. Dig. § 677.*]

In Equity. Suit by I. W. Rowe and Hannah Rowe, husband and wife, against John Hill, Nancy Hill, Sam Kidd, Pinkie Kidd, and W. A. Kinnie. On final hearing. Decree for defendants.

Sam C. Hardin, of London, Ky., and Johnson & Snyder, of Williamsburg, Ky., for plaintiffs.

O. H. Waddle, of Somerset, Ky., and Edwin P. Morrow, of Covington, Ky., for defendants.

COCHRAN, District Judge. This cause is before me for final decree. Of the five defendants, Pinkie Kidd, wife of the defendant, Sam Kidd, and adopted daughter of defendants John Hill and Nancy Hill, is the only real party in interest. It is a suit in equity to quiet the title of the plaintiffs to a tract of land in Wayne county, Ky., in this district, containing 1,138 acres as against the claim of the defendant Pinkie Kidd. The bill alleges that the plaintiffs are the owners and in the actual possession of that tract. They claim title thereto under a deed therefor from F. N. Alexander and wife, dated November 1, 1903, lodged for record in the Wayne county court clerk's