In re KELLY.

(District Court, M. D. Pennsylvania.   November 2, 1912.)

No. 1,964.

BANKRUPTCY (§ 400*)—EXEMPTION—SUFFICIENCY OF CLAIM.

 A claim to exemption, made by a bankrupt in his schedule, of "three hundred dollars cash from the proceeds, as provided by the exemption law of Pennsylvania, or stock to the value of three hundred dollars, to be set aside by the appraisers, as provided by law," was sufficient in form to authorize the trustee to set aside the exemption from the property of the bankrupt, which consisted of a stock of goods.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670, 671–675; Dec. Dig. § 400.*]

In Bankruptcy.   In the matter of E. J. Kelly, bankrupt.   On review of referee's order disaffirming report of trustee setting aside the bankrupt's exemption.   Reversed.

W. G. Kline, of Galeton, Pa., for bankrupt.
Virgil D. Acker, of Galeton, Pa., for trustee.
Archibald F. Jones, of Coudersport, Pa., for exceptants.

WITMER, District Judge.   Within 10 days after adjudication the bankrupt filed in court a schedule of his property, showing his claim for the exemption allowed insolvent debtors, in form as follows:

 "Three hundred ($300.00) dollars cash from the proceeds, as provided by the exemption law of Pennsylvania, or stock to the value of three hundred ($300.00) dollars, to be set aside by the appraisers, as provided by law."

The bankrupt was engaged in the mercantile business, and at the time of filing his claim, it appears, his store stock was under levy and in the custody of the sheriff.   After his election, this stock was turned over to the trustee, who immediately, on request of the bankrupt and pointing out the items of stock claimed by him, set apart the bankrupt's exemption and reported the items and estimated value thereof to the court.   Exceptions were filed, and the report set aside by the referee, on the ground that the claim was improperly made.

The manner of claiming such exemptions and of setting apart and awarding them is regulated by the bankruptcy act.   Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418).   The bankrupt, if desiring to make such claim, shall indicate in his schedule "a claim for such exemptions as he may be entitled to."   Section 7a (8).   "The trustee shall set apart the bankrupt's exemption and report the items and estimated value thereof to the court."   Section 47a (11).   This was done in the case before us, and the report of the trustee should have been affirmed.   As was said in Burke v. Guarantee Title & Trust Co. (C. C. A. 3d Cir.) 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486:

 "While the form of claim is perhaps not commendable, it was sufficient."

The claim indicates the desire of the bankrupt to retain $300 worth of property allowed insolvent debtors under the laws of Pennsylvania,

and, following it up as made, the bankrupt personally pointed out to the trustee particularly the property desired, thus enabling the trustee to set apart and report the items and their estimated value. The law expressly lays upon the trustee the duty to set apart the exemption and report the items and their value. It nowhere appears, as was said by Judge Dallas in the case cited:

"That Congress intended that the bankrupt himself should make an itemization and estimate, which the trustee, in performing the function expressly assigned to him, might wholly disregard."

The bankrupt rendered the trustee that assistance which enabled him in turn to do his duty in severing the exemption from the mass of property belonging to the estate, of the character and class indicated by the bankrupt. It is true that his claim in the schedule was in the alternative; but it is fair to presume that, to the extent it was invalid, it was afterwards withdrawn. It was surely abandoned and disregarded when the items were selected and set apart of the stock specified. And if the procedure was irregular, it may be excused, because it entailed no injury to any one, and, if requisite, was curable by amendment. General Order 11 (89 Fed. vii, 32 C. C. A. xiv); Rev. St. § 954 (U. S. Comp. St. 1901, p. 696); In re Duffy (D. C.) 118 Fed. 926; In re White (D. C.) 128 Fed. 513.

The order of the referee is reversed, and the report of the trustee, setting apart the bankrupt's claim for exemption, is affirmed.