SMITH v. THOMPSON.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1914.)

No. 131.

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—SUFFICIENCY OF CLAIM.

A claim to exemption in a bankrupt's schedule was in these words: "The deduction to be taken from the said stock of groceries, $500, or its equivalent in cash out of the proceeds of said stock, $500." *Held,* that the claim was sufficient under Code Civ. Proc. Neb. § 521, which provides that, if a debtor is the head of a family and has no homestead, "he may have in lieu thereof the sum of $500, in personal property," that it was optional with the trustee to set apart the exemption in goods, but that where he failed to do so the bankrupt was entitled to the exemption of $500 from their proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 395*)—EXEMPTIONS—LIBERAL ADMINISTRATION OF EXEMPTION LAWS.

In a court of bankruptcy, the administration of an exemption law should comport with the beneficent spirit that prompted its enactment. The court should be helpful to those whose condition requires them to invoke it, and should not attempt to defeat the exemption by niceties in practice.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

Petition to Revise Order of the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

In the matter of Allie W. Thompson, bankrupt. Petition by I. E. Smith, trustee, to revise order allowing an exemption to the bankrupt. Affirmed.

James W. Orr and S. E. Harburger, both of Atchison, Kan., for petitioner.

W. H. Richards, of Humboldt, Neb., F. M. Hall, of Lincoln, Neb., and F. N. Prout, of Fairbury, Neb., for respondent.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

HOOK, Circuit Judge. [1] A voluntary bankrupt in Nebraska claimed in his schedule an exemption in these words:

"The deduction to be taken from the said stock of groceries, $500; or its equivalent in cash out of the proceeds of said stock, $500."

The trustee disallowed the exemption, and the referee sustained him, on the ground that the bankrupt had not specifically selected the articles to the allowed value. The District Court reversed the referee, and directed that the amount of the exemption be paid in cash from the proceeds of the stock which had been sold in the meantime. The statutes of Nebraska provide for an exemption of a homestead and household furniture, clothing, family pictures, etc.; but, if the head of a family has no homestead, then (section 521, Civil Code) "he may have in lieu thereof the sum of five hundred dollars in personal property." The bankrupt duly claimed the articles specifically exempt-

ed, but, having no homestead, was entitled to the exemption provided by way, of substitute. The District Court was entirely right.

[2] In every court the administration of an exemption law should comport with the beneficent spirit that prompted its enactment. A court of equity especially should not attempt to defeat the exemption by niceties in practice. It should be helpful to those whose condition requires them to invoke it. The exemption in question here was not of described articles, but was generally of personal property up to a maximum value out of a larger mass. The substance under the statute was the value, not the particular character of the items. The trustee came into possession of the whole, and it was his duty to set apart the exempt portion. Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438). Even if the bankrupt should have specified, we see no substantial objection to his leaving it to the trustee. Had the bankrupt set out the items and valued them, the trustee would still have supervised the valuation. However regarded, the matter is a little detail of administration, which should not defeat the claim for exemption, plainly made and asserted:

But it is urged the court gave the full amount in money, and therefore the bankrupt did not bear his share of the shrinkage on the sale. Even were there a shrinkage, which does not appear, the bankrupt's claim was in the alternative, with the choice in the trustee for the advantage of the estate. In sales of stocks of merchandise it is frequently beneficial to general creditors that the face value of claims or liens on part be transferred to the proceeds of all. But, if that should not have been done here, it was the duty of the trustee to set off the exemption in specie and to ignore the alternative. The exemption should not be destroyed by his act or neglect. If precedent were needed for the order of the trial court, it may be found well reasoned in Burke v. Trust Co., 67 C. C. A. 486, 134 Fed. 562; In re Kane, 62 C. C. A. 616, 127 Fed. 552; In re Friedrich, 40 C. C. A. 378, 100 Fed. 284; In re Andrews & Simonds (D. C.) 193 Fed. 776; In re Hargraves (D. C.) 160 Fed. 758.

The petition to revise is denied.