### In re MOORE.

#### (District Court, E. D. Michigan, S. D.   August 15, 1921.)

#### No. 4759.

1. Courts ⚙═366(19)—Manner of setting apart and awarding exemptions in bankruptcy regulated by federal courts.

While the bankruptcy court will follow and adopt the statutes of a state as construed and applied by the highest courts thereof in determining the nature and extent of a bankrupt's exemptions created by the laws of such state, nevertheless the manner in which such exemptions are to be claimed, set apart, and awarded is regulated and determined by the federal courts as matter of procedure in the course of bankruptcy administration, as to which they are not bound or limited by state decisions or statutes.

2. Bankruptcy ⚙═400(3)—Bankrupt, who elected to take exemptions in cash from proceeds of sale, entitled only to pro rata of proceeds.

Despite Comp. Laws Mich. 1915, § 12865, under sections 12861, 12862, bankrupt, who elected to take her exemptions in cash out of the proceeds of the sale of her stock of goods, *held* obliged to take the amount for which such exemptions sold, that is, the pro rata of the amount received as the proceeds of her assets at the sale; she not being entitled, no selection having been made by her of her exemptions, to the full amount of her exemptions as authorized by law.

In Bankruptcy. In the matter of Sarah Moore, bankrupt. On petition filed by the bankrupt to review an order of a referee in bankruptcy denying her petition for allowance of cash exemptions. Order affirmed.

Edward A. Rich, of Detroit, Mich., for trustee.
Anne R. Davidow, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This is a petition filed by the bankrupt to review an order of one of the referees in Bankruptcy of this district, denying a petition of the bankrupt for the allowance of the sum of $250 in cash as her exemptions. The certificate of the referee, the correctness of which is not disputed by either party, states the facts and legal question involved and the conclusions thereon reached by the referee, with his reasons therefor, so clearly and concisely that such certificate is quoted in full as follows:

"I, Paul H. King, one of the referees of said court in bankruptcy, do hereby certify that in the course of proceedings in said cause before me the following question arose pertinent to said proceedings: Whether the misapprehension on the part of the bankrupt as to the effect of her agreement that her exemptions be sold by the trustee of her estate at public auction, no selection having been made by her of such exemptions, will sustain a demand by her of the full amount of her exemptions as authorized by law, instead of the pro rata amount received as the proceeds of said assets at such sale?

"The facts in this matter, which are undisputed, are as follows: A sale of the assets of this bankrupt was conducted on April 7, 1921; that the appraised value of said assets, consisting of men's and women's furnishings and dry goods and fixtures, was $2,198.76, and that the proceeds of such sale totaled $1,049.39; that the bankrupt elected to take her exemptions in cash out of the proceeds of the sale; that the proceeds of such sale were approximately one-half of the appraised value; that the trustee, therefore, set aside in cash out of such proceeds one-half of the statutory exemptions of $250, or $125, as shown by said trustee's report, dated April 18, 1921, and filed by the referees on April 23, 1921; that thereafter the bankrupt filed a petition, stating that she understood that she was to have the full amount of $250; that, after due consideration of such petition and hearing of the counsel thereon, I denied the same for the following reasons:

"I. That it was within the power of the bankrupt to elect to take her exemptions out of the stock and fixtures, or to take the proceeds of the same in cash when such stock and fixtures were sold by the trustee by direction of the referees.

"II. That the bankrupt having elected to take her exemptions in cash out of the proceeds of the sale, she is obliged to take the amount for which such exemptions sold, and that any misapprehension on her part as to the effect of her agreement to take said exemptions in cash does not equitably entitle her to the full statutory amount.

"III. That to say that after such sale she is entitled to the full amount is to say that such articles as she might have selected out of the stock and fixtures sold for full value, while the remainder of said stock and fixtures sold for much less than half their value; whereas, as a matter of fact, such stock and fixtures did sell for approximately one-half their appraised value.

"IV. That to pay said bankrupt the full amount of her exemptions as claimed out of the proceeds of said sale is to take money properly belonging to the creditors out of the proceeds of that part of the stock and fixtures belonging to them and sold for their benefit, less the expense of administration, which is inequitable.

"The matter is certified to the judge for his opinion thereon."

Section 12858 of the Michigan Compiled Laws of 1915 provides, among other things, that—

"The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court: * * * The * * * materials, stock, * * * or other things, to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars."

There is no Michigan statute creating any right to a cash exemption in any amount. Of course the law, and not what the bankrupt thought about it, must determine her rights. It is conceded by the bankrupt in her brief that—

"The only question involved here is whether, upon the sale of the stock, including exempt property, the debtor or bankrupt is entitled to the same amount, viz. $250, in cash in lieu of the stock."

Speaking generally, the rights of the parties with respect to the exemption claimed are governed by the following provisions of the Bankruptcy Act: Section 2, subdivision 11 (Comp. St. § 9586), conferring on courts of bankruptcy jurisdiction to "determine all claims of bankrupts to their exemptions"; section 6, providing that "this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition" (section 9590); section 7, subdivision 8, requiring the bankrupt to file with his petition schedules containing, among other things, "a claim for such exemptions as he may be entitled to" (section 9591); and section 47a, subdivision 11, requiring trustees in bankruptcy to "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment" (section 9631).

The only claim for exemption shown in the bankrupt's schedules herein is the figures "$250.00," appearing on Schedule B–5. While I have some doubt as to whether this is a proper description of the exemption claimed, and therefore whether she is now entitled, as a matter of strict legal right, to any such exemption (Burke v. Guarantee Title & Trust Co. [C. C. A. 3] 134 Fed. 562, 67 C. C. A. 486), yet as no objection on this ground has been raised by the trustee, and it appears that the latter has set apart the sum referred to as her exemption, and the schedules are amendable, I have concluded to pass upon the merits of the question presented for decision.

It is urged by the bankrupt that, under the circumstances, she is entitled to the amount of her statutory exemption in cash, instead of in property, by reason of the provisions of section 12865 of the Michigan Compiled Laws of 1915, which provides as follows:

"Whenever a levy is made upon any article, belonging to a class or species which is exempt from execution to a specified amount or value, and the value thereof, as determined by the appraisal, shall be in excess of the amount of the exemption allowed therein to the defendant in execution, levy and sale thereof may be made under the execution in the ordinary way, and unless the amount of the exemption shall have been claimed or set off in other property or waived, the officer shall pay to the defendant in execution, the amount of such exemption, in money from the proceeds of the sale, and the balance of such proceeds shall be applied towards the satisfaction of the execution."

This statute was enacted as part of the Michigan Judicature Act of 1915, and does not appear to have yet been construed or otherwise passed upon by the Michigan Supreme Court. It seems, however, by its language, to be limited in its application to cases where a statutory exemption is claimed in a single, indivisible "article," the appraised value of which is "in excess of the amount of the exemption allowed therein." Its purpose is apparently to protect the rights of both creditor and debtor in a situation where the exemption provided by law is inseparably impressed into, and included within, other property, so that such exemption cannot be removed and set apart for the debtor,

leaving the remainder of said property for the creditor. Under such circumstances, some provision of this nature is highly desirable, if not necessary, to protect the interests of all parties concerned. Where, however, as in the present case, it does not appear that the exemptions claimed consist of, or inhere in, a single "article" having a greater value than that of the exemption, or that property of the exempt class and value cannot be selected and set apart from other property of the same class, but of greater quantity and value, the proper procedure, at least in a proceeding in the state courts, would seem to be indicated, not by the statute last quoted, but by sections 12861 and 12862 of the Michigan Compiled Laws of 1915, providing as follows:

"(12861) When a levy shall be made upon property of any class or species, which is exempt by law from execution to a specified amount or value, the officer levying such execution, shall make an inventory of so much of such property belonging to the person against whom the execution was issued, as shall be sufficient in the judgment of such officer, to cover the amount of such exemptions, and satisfy the execution, and cause the same to be appraised at its cash value, by two · disinterested freeholders of the township or city where the property may be, on oath to be administered by him to such appraisers.

"(12862) Upon such inventory and appraisal being completed the defendant in execution, or his authorized agent, may select from such inventory an amount of such property not exceeding, according to such appraisal, the amount or value exempted by law from execution; but if neither such defendant nor his agent shall appear and make such selection, the officer shall make the same for him."

[1] While, however, the bankruptcy court will follow and adopt the statutes of a state, as construed and applied by the highest courts thereof, in determining the nature and extent of the exemptions created by the laws of such state (In re National Grocer Co. [C. C. A. 6] 181 Fed. 34, 104 C. C. A. 47, 30 L. R. A. [N. S.] 982), yet the manner in which such exemptions are to be claimed, set apart, and awarded is regulated and determined by the federal courts, as matter of procedure in the course of bankruptcy administration, as to which they are not bound or limited by state decisions or statutes. (In re Friedrich [C. C. A. 7] 100 Fed. 284, 40 C. C. A. 378; Lipman v. Stein [C. C. A. 3] 134 Fed. 235, 67 C. C. A. 17; Bank of Nez Perce v. Pindel [C. C. A. 9] 193 Fed. 917, 113 C. C. A. 545; In re Stitt [C. C. A. 6] 252 Fed. 1, 164 C. C. A. 113.

[2] Considering, then, the question here presented in the light of the rule just referred to, I am satisfied that the conclusion reached by the learned referee is not only correct in principle, for the reasons pointed out by him, but in accord with the weight of authority and in conformity with the views of the Court of Appeals for this Circuit. In re Stitt, supra; In re Crum (D. C.) 221 Fed. 729; In re Arnold (D. C.) 169 Fed. 1000; In re Ansley Brothers (D. C.) 153 Fed. 983; In re Richard (D. C.) 94 Fed. 633.

It follows that the order complained of must be affirmed; and it is so ordered.