## The First National Bank of Philadelphia, to use, v. Johnson et ux.

*J. R. Mathewson*, for plaintiff.

*R. E. Machen*, for defendants.

SMITH, P. J., October 3, 1951.—This matter comes before the court on defendants' motion and rule to set aside a sheriff's execution on their real property. It is the contention of defendants that until plaintiff has exhausted her legal remedy against their personal property, the issuance of a writ of fieri facias and the proceedings thereunder are irregular and illegal. The judgment note entered of record in this case for the sum of $605.16 contains the provision:

"Release of all errors and without stay of execution and exemption and extention upon any levy on real

estate . . . no benefit of exemption may be claimed."

The Act of June 16, 1836, P. L. 755, sec. 19, 12 PS §2111, provides that plaintiff, having obtained a judgment against a defendant in any court of this Commonwealth for the recovery of money, may have execution thereof against the person and estate of defendant in the following order:

1. Upon the personal estate of defendant.
2. Upon his real estate, etc.

In Geim v. Royal Laundry Co., 68 Pitts. L. J. 205, 206, it was held:

"The order in which property shall be taken is not made mandatory. The language 'may have execution' seems to imply that a plaintiff at his election may proceed against the personal estate or against the real estate. In Clark v. Fell 139 Pa. 469, the Sheriff levied upon realty. The Court refused to set aside the writ of Fi. Fa. upon petition of the defendant, alleging that no execution had issued upon the personal property in accordance with the terms and provisions of the Act of Assembly in such cases made and provided. Upon appeal the action of the Court was affirmed. In Levan v. Milholland 114 Pa. 49, it is said that a return of Nulla Bona to a writ of Fieri Facias is not a prerequisite to the issuance of venditioni exponas."

In 7 Standard Pa. Practice, §731, is stated Order of Execution as follows:

"It is provided by statute that execution upon a judgment for money shall be in the following order, to wit: (1) Upon the personal estate of the defendant; (2) upon his real estate; (3) if he has neither personal property nor real estate liable to execution, then upon the person of the defendant. Another section of this statute provides that if sufficient personal estate cannot be found by the execution officer, he shall proceed to levy upon the defendant's real estate. The general rule, under these statutory provisions, is that the per-

sonal property of the judgment debtor must be exhausted before the real estate is subjected to a satisfaction of the judgment. Such provisions do not, however, preclude a levy of execution on both personal property and real estate under the same writ where there is not sufficient personal property to satisfy the execution in full. A return of nulla bona is not a prerequisite to an execution against realty. Moreover, an execution against real property may be continued to satisfaction even though, after the inquisition, sufficient personal property is found to satisfy the execution. It has also been held that a lien creditor is not entitled to except to a sheriff's sale of real estate on the ground that the defendant's personal property has not first been exhausted."

There are a number of lower court cases in conflict and the only appellate court case on the point is Clark v. Fell, supra. We do not believe that it was the intent of the legislature to make mandatory the order of procedure or that a return of nulla bona is a prerequisite to a levy of execution upon real estate. For this reason we dismiss defendants' rule. There is no doubt that a defendant may waive any right that he may have regarding the matter of procedure and we believe that this has been done by them. The waiver made at a time the debt was created is based upon the same liability to pay and is therefore irrevocable: Case v. Dunmore, 23 Pa. 93; Bowman v. Smiley, 31 Pa. 225.

### Order

And now, to wit, October 3, 1951, the petition of defendants for a rule to show cause why the sheriff's execution should not be set aside is hereby discharged. The sheriff is ordered to proceed with the sale of the premises, 2442 Kimball Street, Philadelphia.